# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| EUGENE SULLIVAN, | ) |
| Appellant, | ) |
| v. | ) Civil Action No. 1:11-00384-KD-N |
| CLYDE BERGEMAN, INC., d/b/a Anthony-Ross Company, | ) |
| Appellee. | ) |

## ORDER

This action is before the Court on the Notice of Settlement filed by appellant Eugene Sullivan. (Doc. 22). Sullivan reports that the parties have reached a settlement and requests that his appeal be dismissed.

Rule 8001(c)(2), of the Federal Rules of Bankruptcy Procedure which governs voluntary dismissal of an appeal after docketing, provides as follows:

> If an appeal has been docketed and the parties to the appeal sign and file with the clerk of the district court or the clerk of the bankruptcy appellate panel an agreement that the appeal be dismissed and pay any court costs or fees that may be due, the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter an order dismissing the appeal. An appeal may also be dismissed on motion of the appellant on terms and conditions fixed by the district court or bankruptcy appellate panel.

Fed. R. B. Proc. 8001(c)(2).

The Notice of Settlement was not signed by the "parties to the appeal" and cannot be construed as "an agreement that the appeal be dismissed." *Id*. Therefore, the Court will construe the Notice of Settlement as a "motion of the appellant" for dismissal of the appeal "on terms and conditions fixed by" this Court. *Id*.

Accordingly, Appellee Clyde Bergemann, Inc. d/b/a/ as Anthony-Ross Company, shall file any **objection on or before January 12, 2012.** If no objection is filed, then the motion to dismiss the appeal shall be **GRANTED** and this appeal shall be dismissed without further action by the Court.

**DONE** and **ORDERED** this 4th day of January, 2012.

s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**